IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JIMMY RECINOS, Individually § <br> and as Representative of the Estate of § <br> Delmy Recinos; JIMMY § <br> A. RECINOS; and MARK A. BUESO § <br> SANDOVAL, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> JACINTOPORT INTERNATIONAL, § <br> LLC; SEABOARD CORPORATION; § <br> AND DIEGO LOPEZ SILVA, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 4:23-cv-03613 <br><br> JURY DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANT SEABOARD MARINE LTD.'S MOTION TO RECONSIDER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, Jimmy Recinos, Individually and as Representative of the Estate of Delmy Recinos, Jimmy A. Recinos, and Mark A. Bueso Sandoval, file this Response to Motion to Reconsider, filed by Defendant Seaboard Marine, Ltd., and in support, Plaintiffs respectfully show the Court:

### I. FACTUAL BACKGROUND

Plaintiff will only provide a brief recitation of the factual background and procedural history of this case. For completeness, Plaintiff otherwise incorporates by reference his prior briefing, *see, e.g.*, Dkt. 13, for additional factual and procedural history.

This is a wrongful death and survival case arising out of a forklift vs. pedestrian collision at the Port of Houston. On September 2, 2022, Delmy Recinos ("Decedent" or "Ms. Recinos") was working as a shipping clerk at Defendant, Jacintoport International LLC's, cargo terminal, where the company uses extremely large forklifts (52,000-pound capacity) to load containers onto trucks for transportation. The driver of a flatbed 18-wheeler, Intervenor Rafael Ramirez ("Ramirez"), had recently traveled to Jacintoport to pick up a container. Ramirez discovered that Defendant, Diego Lopez Silva ("Silva"), a Jacintoport foreman operating a large forklift that day, had loaded the incorrect container onto Ramirez's trailer.

Ramirez informed Decedent of the error, and they both went to investigate. They approached Silva, who was still behind the wheel in the forklift's cab. Suddenly, and without warning, Silva moved the forklift and struck Decedent's body. Silva ran her over twice, literally splitting her body in half and causing her fatal injuries.

On October 3, 2022, Plaintiffs—Decedent's husband and children—sued Jacintoport and Silva in the 215th Judicial District Court of Harris County, Texas. Dkt. 1-2. Plaintiffs are all Texas citizens. Dkt. 1-2 at ¶ 2.1-2.3. It is undisputed that Silva is a Texas citizen. Dkt. 1 at ¶ 19. On March 16, 2023, Rafael Ramirez intervened in Plaintiffs' state court action, asserting negligence claims against Jacintoport and Silva for personal injuries. Jacintoport and Silva did not remove after either filing. Dkt. 1-8.

Subsequently, based upon Silva's August 25, 2023 deposition testimony implicating his liability for Delmy Recinos's death, on August 28, Plaintiffs amended their petition to join Seaboard Marine Ltd. ("Seaboard Marine"). Dkt. 1-11. On September 25, Seaboard

2

Marine (only) removed this case to federal court based on diversity jurisdiction, alleging that Plaintiffs fraudulently joined Silva, the only nondiverse defendant. *See* Dkt. 1.

On October 25, 2023, Plaintiffs filed their Motion to Remand. Dkt. 13. After response and a hearing, this Court signed an Order Granting Motion to Remand, remanding the case based on a procedural defect. Dkt. 25. Defendant has now moved this Court for reconsideration of its Order Granting Motion to Remand, which, as explained further below, is not reviewable or appealable. Dkt. 25.

## II.     SUMMARY OF ARGUMENT

Defendant's Motion for Reconsideration of this Court's Order Granting Motion to Remand should be denied because, under the plain language of 28 U.S.C. § 1447(d) and relevant case law, this order is not reviewable or appealable, even if the Court ultimately remanded the case on a defect not raised in Plaintiffs' original Motion.

## III.     ARGUMENT & AUTHORITIES

On December 27, 2023, this Court granted Plaintiffs' Motion to Remand this case back to the 215th Judicial District Court of Harris County, Texas because a procedural defect existed. *See generally* Dkt. 25. Defendant challenges this order, claiming it was erroneous. This Court needs not reach the merits of Defendant's argument, however; the merits are irrelevant because the order for remand is not reviewable or appealable under hornbook law.

Reviewability of an order remanding a case to state court from which it was removed turns on the grounds for remand decision. Section 1447(d) of the United States Code states as follows:

3

> **An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise**, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added). (The exceptions in this provision do not apply here.)

The statute's plain language bars this Court from reviewing its Order Granting Motion to Remand because the Order provides that the case was remanded for a procedural defect (Dkt. 25 at p. 2). *See Price v. Johnson*, 600 F.3d 460, 462 (5th Cir. 2010) ("This bar to review applies *even if the order might otherwise be deemed erroneous*" (emphasis added)); *Haffley v. Nationwide Mut. Ins. Co.*, 69 Fed. Appx. 657 (5th Cir. 2003); *Smith v. Tex. Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). When read in conjunction with Section 1447(c), remand orders based on defects in the removal procedure or lack of subject matter jurisdiction are unreviewable. *Price*, 600 F.3d at 462; *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)."). As such, the Order to Remand is immune from review.

District courts in the Fifth Circuit have also held that Section 1447(d) bars them from reconsidering a remand order if based on lack of subject matter jurisdiction or a defect in removal procedure. *See, e.g., Yazdchi v. JP Morgan Chase Bank, N.A.*, No. CV H-15-121, 2016 WL 4097142, at *2 (S.D. Tex. Aug. 2, 2016) ("[A] district court may not review—pursuant to a motion for reconsideration—an order remanding a case for lack of

4

diversity jurisdiction, even in the face of evidence of fraudulent joinder."); *Garza v. Essex Ins. Co.*, No. 7:16-CV-00143, 2016 WL 5534310, at *1 (S.D. Tex. Sept. 29, 2016) ("[C]ourts within the Fifth Circuit and elsewhere appear to uniformly apply Section 1447(d) to 59(e)-based challenges to remand orders"); *All. Riggers & Constructors, Ltd. v. Restrepo*, No. EP-14-CV-00408-DCG, 2015 WL 966324, at *1–2 (W.D. Tex. Jan. 8, 2015); *Fortune v. Baker Hughes, Inc.*, No. CIV.A. 05-6674, 2006 WL 622731, at *1 (E.D. La. Mar. 8, 2006) (holding that remand orders invoking grounds for remand provided in § 1447(c) are not reviewable on appeal or via motion for reconsideration).

"Not only may the order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter. Thus, *even if it later decides the order was erroneous*, a remand order cannot be vacated even by the district court." *Clark v. Ciba Vision Corp.*, No. CIV.A. C-10-317, 2010 WL 4702450, at *1 (S.D. Tex. Nov. 11, 2010) (emphasis added; quoting *New Orleans Public Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986). Federal jurisdiction ended when this Court remanded, and therefore the Court is without power to review the remand order. Furthermore, the Fifth Circuit will not go beyond the plain language of the remand order to find the "true" basis for the order.

> It is well-established that "[a] § 1447(c) remand is not reviewable on appeal even if the district court's remand order was erroneous." This is true "even if a court employs erroneous principles in concluding that it is without jurisdiction under § 1447(c)," not merely if the court employs the correct reasoning and reaches an erroneous outcome.

*Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 Fed. Appx. 946, 947–48 (5th Cir. 2009) (internal citations omitted). Because this Court remanded based on a procedural defect, the statute and case law preclude reconsideration.

Defendant also argues that, because this Court based its Order Granting Motion to Remand on a reason not asserted in Plaintiff's Motion to Remand (Dkt. 13), it somehow erred in acting outside its authority and *sua sponte* remanding this case based on a procedural defect. (Dkt. 27). Courts in the Fifth Circuit has rejected this precise argument. "By its own terms, § 1447(c) is limited to *motions,* not *issues.*" *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) (emphasis in original). The *Schexnayder c*ourt held that once a motion to remand is timely filed, the court may remand the case on any procedural ground, even one not raised in the motion. *Id*. at 285. "Stated differently, although the Court may not *sua sponte* remand for procedural defects in the removal process, once a plaintiff seeks remand the Court is entitled to do so for procedural reasons not raised in the plaintiff's motion." *Vasquez v. Pease*, No. SA-14-CV-609-XR, 2014 WL 4072084, at *2 (W.D. Tex. Aug. 15, 2014); *see also Martinez v. Costco Wholesale Corp.*, EP-17-CV-285-PRM, 2017 WL 4876788, at *2 (W.D. Tex. Oct. 30, 2017) ("However, when a party properly moves for remand pursuant to 28 U.S.C.A. § 1447(c), district courts do have authority to consider procedural defects not raised in the moving party's motion."); *Clear Lake Marine Ctr., Inc. v. Leidolf*, CIV.A. H-14-3567, 2015 WL 1876338, at *3, n.15 (S.D. Tex. Apr. 22, 2015) ("Although Plaintiff's Motion to Remand does not challenge the removability of saving clause cases into admiralty, a district court ruling on a motion to remand is not limited to the issues raised by the plaintiff."). This Court's Order

was prompted by Plaintiff's timely Motion to Remand, regardless of the reasons raised within. This Court therefore acted well within its authority and is now precluded from reviewing the decision. This Court should decline Defendant's invitation to ignore the above statutory language and case law.

## IV.　CONCLUSION

For the reasons discussed herein, Plaintiffs respectfully request that this Court deny Defendant's Motion to Reconsider and award all other relief to which Plaintiffs are entitled.

Respectfully submitted,

**KHERKHER GARCIA, LLP**

By: */s/ Kevin Haynes*
　　Steve Kherkher
　　State Bar No. 11375950
　　Jesus Garcia, Jr.
　　State Bar No. 24027389
　　Kevin C. Haynes
　　State Bar No. 24055639
　　Matt L. Martin
　　State Bar No. 24090246
　　2925 Richmond Ave., Suite 1560
　　Houston, Texas 77098
　　(713) 333-1030  (713) 333-1029 Fax
　　**Service: Jgarcia-Team@KherkherGarcia.com**

**ATTORNEYS FOR PLAINTIFFS**

Of Counsel:

**KHERKHER GARCIA, LLP**
Hon. Marc C. Carter (Retired)
State Bar No. 00787212
2925 Richmond Ave., Suite 1560
Houston, Texas 77098
(713) 333-1030
(713) 333-1029 Fax

## CERTIFICATE OF SERVICE

I certify that, per the rules, a true and correct copy has been served on all known counsel of record on February 9, 2024, via the ECF system.

                                              */s/ Kevin Haynes*
                                              Kevin Haynes

## CERTIFICATE OF WORD COUNT

I certify that the above Response to Defendant's Motion for Reconsideration, which was prepared using Times New Roman 13-point typeface, contains 1622 words, excluding the parts of the document that are exempted under Hon. Charles R. Eskridge III's Court Procedures, ¶ 18(c).

                                              */s/ Kevin Haynes*
                                              Kevin Haynes